

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Federal Courthouse*
*Room A330*
*17 South Park Row*
*Erie, Pennsylvania 16501-1158*                           *814/452-2906*

August 2, 2005

Thomas W. Patton, Assistant
Federal Public Defender
1111 Renaissance Centre
1001 State Street
Erie, Pennsylvania 16501

Re:   United States of America v.
      OLUFUNSO OLAWUNMI SHASANYA
      Criminal No. 04-29 Erie

Dear Mr. Patton:

This letter sets forth the agreement by which your client, OLUFUNSO OLAWUNMI SHASANYA, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between OLUFUNSO OLAWUNMI SHASANYA and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, OLUFUNSO OLAWUNMI SHASANYA will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States Court by a preponderance of the evidence.

  A. The defendant, OLUFUNSO OLAWUNMI SHASANYA, agrees to the following:

    1. He will enter a plea of guilty to Count One of the Indictment at Criminal No. 04-29 Erie, charging him with violating Title 18, United States Code, Sections 1029(a)(2) and 1029(b)(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.



LIMITED OFFICIAL USE

2. He acknowledges his responsibility for the conduct charged in Counts Two through Six of the Indictment at Criminal No. 04-29 Erie and stipulates that the conduct charged in those counts may be considered by the Probation Office or by the District Court in imposing sentence.

3. He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

4. He will immediately notify the court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

5. If the Court imposes a fine or restitution as part of a sentence of incarceration, OLUFUNSO OLAWUNMI SHASANYA agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

6. At the time OLUFUNSO OLAWUNMI SHASANYA enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

7. OLUFUNSO OLAWUNMI SHASANYA waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, OLUFUNSO OLAWUNMI SHASANYA may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, OLUFUNSO

       OLAWUNMI SHASANYA may take a direct appeal from the sentence.

    (c) OLUFUNSO OLAWUNMI SHASANYA may take a direct appeal from the sentence limited to the issues raised at sentencing concerning the application of U.S.S.G. §5G1.3.

  The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

  OLUFUNSO OLAWUNMI SHASANYA further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

 B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

  1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Indictment at Criminal No. 04-29 Erie, without prejudice to their reinstatement if, at any time, OLUFUNSO OLAWUNMI SHASANYA is permitted to withdraw his plea of guilty. In that event, OLUFUNSO OLAWUNMI SHASANYA waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the counts dismissed pursuant to this agreement.

  2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of OLUFUNSO OLAWUNMI SHASANYA in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

  3. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and OLUFUNSO OLAWUNMI SHASANYA timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government

      to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

    4. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

 C. OLUFUNSO OLAWUNMI SHASANYA and the United States Attorney further understand and agree to the following:

    1. The penalty that may be imposed upon OLUFUNSO OLAWUNMI SHASANYA is:

     (a) A term of imprisonment of not more than ten (10) years;

     (b) A fine of $250,000;

     (c) A term of supervised release of not more than three (3) years;

     (d) A special assessment under 18 U.S.C. §3013 of $100.

    2. Because the offense of conviction was part of a scheme of criminal activity, restitution is not limited to the offense of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by OLUFUNSO OLAWUNMI SHASANYA's criminal conduct in the course of the scheme.

    3. This agreement does not preclude the government from pursuing any civil or administrative remedies against OLUFUNSO OLAWUNMI SHASANYA or his property.

    4. The parties agree that, although charges are to be dismissed pursuant to this agreement, OLUFUNSO OLAWUNMI SHASANYA is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, Section 617 (Nov. 26, 1997) (known as the Hyde Amendment). OLUFUNSO OLAWUNMI SHASANYA waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between OLUFUNSO OLAWUNMI SHASANYA and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Mary Beth Buchanan*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Thomas W. Patton, Assistant Federal Public Defender, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
OLUFUNSO OLAWUNMI SHASANYA

08-16-05
Date

Witnessed by:

_____
THOMAS W. PATTON, ASSISTANT
FEDERAL PUBLIC DEFENDER
Counsel for OLUFUNSO OLAWUNMI SHASANYA