IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-29 Erie |
| | ) | |
| OLUFUNSO OLAWUNMI SHASANYA | ) | |

## POSITION WITH RESPECT TO SENTENCING FACTORS

AND NOW, comes the defendant, Olufunso Olawunmi Shasanya, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Position With Respect to Sentencing Factors. In support thereof Counsel states:

A.      Giving Mr. Shasanya Credit For Time Served.

Mr. Shasanya agrees with the presentence report that his advisory guideline imprisonment range is 10-16 months. Mr. Shasanya also agrees with the presentence report that, pursuant to U.S.S.G. § 5G1.3(b)(1) and application note 4 to that section, along with § 5K2.23, this Court should give Mr. Shasanya credit for the time he served in Ohio for the offense at Docket No. 04CR448674, Cuyahoga County Court of Common Pleas. The conduct that formed the factual basis of Mr. Shasanya's conviction in Ohio was either conduct that also formed the factual basis of the federal offense, or was relevant conduct to the instant offense. The value of the merchandise unlawfully obtained in the Ohio offenses has been included in setting Mr. Shasanya's offense level under the sentencing guidelines. As such, had the sentence in Ohio not already been served, the Court would have been required under the guidelines to run the federal sentence concurrently with the Ohio sentence. (PSR ¶¶ 64-69).

Section 5K2.23 of the guidelines states as follows:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had the completed term of imprisonment been undischarged at the time of sentencing for the instant offense.  Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

The presentence report correctly finds that subsection (b) of § 5G1.3 would have provided an adjustment had the Ohio sentence not been undischarged.  Accordingly, this Court should depart downward pursuant to § 5K2.23 to give Mr. Shasanya credit for the time he served in Ohio.

Mr. Shasanya served 12 months of imprisonment in Ohio.  (Addendum to Presentence Report).  As noted in the addendum to the presentence report, Mr. Shasanya spent 143 days in custody in the Erie County Prison after being placed on bond on the federal charges on a detainer from Ohio waiting for the authorities in Ohio to transport him to Cuyahoga County.  Mr. Shasanya did not receive credit against his Ohio sentence for those 143 days.  Since that time was not credited against the Ohio sentence, the Addendum correctly finds that Mr. Shasanya should receive credit for that time against his federal sentence.  In total, Mr. Shasanay has served 16 months and 9 days of imprisonment for offenses that are part of the current federal offense or relevant conduct to the federal offense.  Accordingly, Mr. Shasanya has already served more than the maximum term of imprisonment recommended by the sentencing guidelines and should receive no additional term of imprisonment from this Court.

B.      Restitution

The Addendum also agrees that the total amount of the loss in this case, $42,757.02, should be reduced for restitution purposes by the amount of cash seized from Mr. Shasanya and by the value of the merchandise purchased illegally with the fraudulent credit cards that was seized by the

2

Beechwood Police Department.  The Beechwood police department seized three envelopes from a suitcase taken from Mr. Shasanya's vehicle.  The envelopes contained a total of $22,350 in cash. The Beechwood police department also recovered all of the merchandise Mr. Shasanya had purchased at the various stores in the mall which had a total value of $7,220.31.  The Addendum agrees that  $29,570.31 ($22,350 + $7,220.31) should be subtracted from the total loss of $45,257.02 for a total amount of restitution owed of $15,686.33.

After defense counsel filed his objections with the probation office, Mr. Shasanya brought to counsel's attention that in addition to the $22,350 in cash the Beechwood police department seized from the three envelopes, the police seized $3,524 from Mr. Shasanya's person.  Attached as Defendant's Exhibit A is a portion of the Beechwood police department police report stating that the total amount of cash confiscated from Mr. Shasanya was $25,874.  Subtracting this additional $3,524 taken from Mr. Shasanya from the total loss leaves a restitution figure of $12,162.33.

WHEREFORE, defendant, Olufunso Olawunmi Shasanya, respectfully requests that this Honorable Court impose a sentence of time served followed by two years of supervised release.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653

3